RICHARD D. KAPLAN, M.D., MARGUERITE KAPLAN, JACOB M. KAPLAN, AND DAVID S. KAPLAN v. PROLIFE ACTION LEAGUE OF GREENSBORO, WILLIAM H. WINFIELD, JR., LINDA WINFIELD, RONALD W. BENFIELD, SCOTT ALLRED, STEPHEN MICHAEL BEALL, SETH HINSHAW, ALBERT HODGES, JEFFREY ALEXANDER KENDALL, FATHER CONRAD KIMBROUGH, JULIAN McCLAMROCH, BERNARD McHALE, DUANE RICHARDSON, CANDIDO ROSARIO, A/K/A CANDIDO ROSARIO MATOS, DR. KEITH SCHIMMEL, RONALD STEINKAMP, JOHN THOMPSON, KEVIN WOLPERT, LEIGH ALLRED, KAREN L. BEANE, VIRGINIA BELL, SHARON STEELE CLARK, MARIANA DONADIO, LIBBY DUNSMORE, RHONDA EDMONDS, A/K/A RHODA EDMONDS, THERESA FARLEY, PAMELA FORD ALLISON, YVONNE FORD, HARIETTE GABRIELE, GEORGIA GAINES, ELSIE GALAN, KARIN GRUBBE, DEBORAH HEBESTREIT, DIANNE McCLAMROCH, ELAINE McHALE, REBECCA MORRISON, MONICA POLLARD, CAROL REDMOND, MARTA RICHARDSON, ELIZABETH D. SALTER, A/K/A BETTY SALTER, KIMBERLY SCHIMMEL, ANNABELLE SIMPSON, BETTY STEINKAMP, LYNN THOMPSON, LAUREL TREDDINICK, AMBER WINFIELD, CATHERINE WOLPERT, JOHN DOES XX THROUGH XXVIII, AND JANE DOES XXXV THROUGH XLII

No. 450A96

(Filed 7 November 1997)

**Racketeer Influenced and Corrupt Organizations § 7 (NCI4th)— anti-abortion picketing—N.C. RICO Act action—pecuniary gain—causal nexus with unlawful activity—insufficient showing**

A doctor and members of his family who sued the Prolife Action League of Greensboro (PALG) and its president for anti-abortion picketing of the family's residence and the doctor's

office failed to establish a causal nexus between PALG's pecuniary gain and defendants' alleged organized unlawful activity as required by the N.C. RICO Act. N.C.G.S. §§ 75D-2(c), 75D-4.

**Am Jur 2d, Extortion, Blackmail, and Threats §§ 241 et seq.**

**Civil action for damages under state racketeer influenced and corrupt organizations acts (RICO) for losses from racketeering activity. 62 ALR4th 654.**

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 123 N.C. App. 720, 475 S.E.2d 247 (1996), affirming partial summary judgment in favor of defendants entered by Ross, J., on 15 May 1995 in Superior Court, Guilford County. Heard in the Supreme Court 13 October 1997.

*Smith Helms Mulliss & Moore, L.L.P., by Alan W. Duncan and Matthew W. Sawchak, for plaintiff-appellants.*

*Arthur J. Donaldson and American Center for Law & Justice, by Walter M. Weber, pro hac vice, for defendant-appellees Linda Winfield and Linda Winfield d/b/a the Prolife Action League of Greensboro.*

PER CURIAM.

Plaintiffs' appeal to this Court is on the basis of the dissenting opinion of Judge Johnson, who dissented "as to that part of the majority opinion which finds that summary judgment was properly granted for defendants Linda Winfield and the Prolife Action League of Greensboro." *Kaplan v. Prolife Action League of Greensboro*, 123 N.C. App. 720, 729, 475 S.E.2d 247, 254 (1996) (Johnson, J., dissenting). Judge Johnson concluded that "not only do the activities allegedly engaged in by defendants fall within the prohibited behaviors espoused in the North Carolina RICO [Racketeer Influenced and Corrupt Organizations] Act, but also that there is a sufficient causal nexus between the pecuniary gain of certain defendants and those activities in which they have engaged." *Id.* We agree, however, with the majority of the panel of the Court of Appeals that partial summary judgment was properly entered in defendants' favor by Judge Ross.

In so holding, the Court of Appeals stated:

We assume, without deciding, that plaintiffs have offered sufficient evidence of a pattern of racketeering activity prohibited

under [N.C.G.S. §] 75D-4. Nevertheless, to withstand summary judgment, plaintiffs' forecast of evidence must also demonstrate a causal nexus between PALG's [Prolife Action League of Greensboro] alleged pecuniary gain and defendants' organized unlawful activity under [N.C.G.S. §] 75D-4.

To establish pecuniary gain, plaintiffs direct this Court to three checks from defendant Virginia Bell (Bell checks) and PALG newsletters which solicit contributions. It is beyond question the Bell checks clearly evidence the receipt of money by PALG. In fact, defendants admit PALG is "getting money to operate the organization." The present record is nonetheless devoid of any indication PALG derived this monetary gain from, or as a result of, activities prohibited by [N.C.G.S. §] 75D-4. On the other hand, the newsletters, unlike the Bell checks, do not, in and of themselves, establish pecuniary gain. Further, even assuming the solicitations resulted in donations, plaintiffs failed to allege, much less proffer, evidence that the donations were in any way derived as a result of organized unlawful activity prohibited by [N.C.G.S. §] 75D-4.

*Id.* The Court of Appeals concluded that plaintiffs had failed to establish a causal nexus between PALG's pecuniary gain, as required by N.C.G.S. § 75D-2(c), and defendants' alleged organized unlawful activity, as prohibited by N.C.G.S. § 75D-4. We agree.

However, in discussing the legislative history of the North Carolina RICO Act, the Court of Appeals relied upon the minutes of a legislative committee of the General Assembly in determining legislative intent. We disavow those portions of the Court of Appeals' opinion.

We affirm the decision of the Court of Appeals solely for the reasons stated in this opinion.

MODIFIED AND AFFIRMED.